**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| CESAR GUILLERMO QUIROZ HUATAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-03040-TLP-atc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK,[1] | ) | |
| | ) | |
| Respondent. | ) | |

---

**ORDER DIRECTING CLERK TO SERVE PETITION AND MODIFY DOCKET, DENYING MOTION FOR EX PARTE TEMPORARY RESTRATINING ORDER, DIRECTING RESPONDENT TO SHOW CAUSE, AND DIRECTING PETITIONER TO REPLY**

---

Petitioner Cesar Guillermo Quiroz Huatay, a noncitizen detained in the Western District of Tennessee petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.)

The Court respectfully **DIRECTS** the Clerk to deliver a copy of the Petition, all attached documents, and this Order to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**. The Clerk shall do so within **three (3) days** of this Order.

Under the Court's authority under the All Writs Act, 28 U.S.C. § 1651, the Court further **ORDERS** Respondent not to remove Petitioner from the Western District of Tennessee while the § 2241 Petition is pending. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025).

---

[1] The proper respondent to the § 2241 Petition is the United States Immigration and Customs Enforcement District Director for the district in which the alien is being detained. *See Roman v. Ashcroft*, 340 F.3d 314, 320–22 (6th Cir. 2003). The Court therefore respectfully **DIRECTS** the Clerk to add "**Christopher Bullock**" as Respondent and to terminate all other named Respondents.

Given the grounds raised in the Petition, Respondent shall show cause in writing why the § 2241 Petition should not be granted within **three (3) days** of service. *See* 28 U.S.C. § 2243.

The Court further **ORDERS** Petitioner to reply within **seven (7) days** of receiving service of Respondent's responsive filing. Failure to comply with this requirement may justify dismissal of the Petition without further notice. *See* Fed. R. Civ. P. 41(b). The Court will not rule on the Petition until it receives Petitioner's reply.

The Court also **DENIES** Petitioner's Motion for Ex Parte Temporary Restraining Order. (ECF No. 3.) Although this Order has already granted most of Petitioner's requested injunctive relief, the Court declines to order Petitioner's "immediate release" before considering the parties' arguments.

The Court will set a hearing by separate order if necessary. *See* 28 U.S.C. § 2243.

**SO ORDERED**, this 17th day of August, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE